UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **MARK A. BRILEY** | **CIVIL ACTION NO.** _____ |
| **VERSUS** | **JUDGE:** _____ |
| **SHINTECH LOUISIANA, LLC** | **MAGISTRATE-JUDGE:** _____ |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**COMPLAINT**

The Complaint of Mark A. Briley, a resident of the full age of majority of East Baton Rouge Parish, Louisiana, respectfully represents:

1.

Venue is proper within this judicial district as the majority of the acts alleged herein occurred within this judicial district. Jurisdiction is founded herein pursuant to 28 U.S.C. §1331 (federal question) and 28 U.S.C. §1367 affording supplemental jurisdiction over Petitioner's claims arising under Louisiana law.

2.

Made defendant herein is Shintech Louisiana, LLC, a foreign corporation authorized and actually doing business in Iberville Parish, Louisiana, which is justly and truly indebted unto Petitioner for all sums as are reasonable under the premises, punitive damages as allowed by law, attorney's fees, all costs of these proceedings, litigation expenses, legal interest thereon from the date of judicial demand until paid, and all such other relief to which Petitioner is entitled at law or in equity.

3.

In May, 2010, Petitioner became employed by defendant at its Plaquemine, Louisiana facility located in Iberville Parish, Louisiana. Petitioner was a process operator at the facility and is African American.

4.

At all times pertinent hereto, defendant was Petitioner's "employer" within the meaning and intent of Federal and Louisiana law. At all times pertinent hereto, Leslie Fletcher, Superintendent, John Runnells, Assistant Superintendent, Danny Cetodal, Plant Manager, Larry Kelly, current Superintendent, Brian Cassebonne, Human Resources, Mike Hebert, Human Resources, Rosa Joseph, Human Resources, were all employees of defendant and supervisors over Petitioner with immediate and successively higher authority over Petitioner's employment with defendant.

5.

Beginning in 2011 and continuing through the present, Petitioner has been subjected to unwelcome, unabated, race-based harassment/discrimination, consisting of, but not limited to, the following pattern of continuing conduct:

1. Referring to Petitioner and his African American co-workers, in Petitioner's presence and throughout the work environment, as nigg***, monkeys, problem nigg**, stinking "half breed" by management;

2. Repeated comments about Petitioner and his African American co-workers as "lazy", stupid/incompetent, and incapable by management;

3. Repeated comments by management when dealing with Petitioner and his African American co-workers as "nigg** problems";

4. Repeated references to nooses by management when asked about Petitioner and his African American co-workers;

5. Assistant plant manager spitting tobacco in the face of an employee out in the open in the workplace;

6. Repeated denials of transfer and promotion on account of his race; and,

7. Such other instances as will be more fully shown at trial on the merits.

6.

Petitioner complained to his supervisors, Fletcher, Runnells, Cetodal, Kelly on several occasions over the period from 2011- present, including meetings, documented by emails, to no avail. Petitioner's complaints to these supervisors directly addressed each racist comment and when it was made. In addition to reporting, opposing, and complaining about the racism in his working environment directly to his supervisors, Petitioner reported, opposed, and complained about the racism in his working environment to Human Resources, through Cassebonne, Hebert, and Joseph. Again, some of these meetings were also documented in emails. Petitioner contends he reported the racism on at least ten (10) separate occasions throughout this period.

7.

However, on several occasions after Petitioner reported the on-going racism in his work environment to Human Resources, Fletcher threw tirades upon learning Petitioner had gone to Human Resources. Fletcher loudly pronounced on those occasions in the workplace that he was going to have Petitioner's job for going to HR. On at least one occasion, after Petitioner reported the racism to HR, Fletcher called Petitioner into his office and threatened him directly that he would be fired if he went to HR again.

8.

As the racism continued to permeate Petitioner's workplace, he continued to report, protest, and complain about it to his supervisors and to Human Resources throughout 2019, including in January, 2019, February 8, 2019, August, 2019, and most recently, in December, 2019, to no avail.

9.

On several occasions, Petitioner requested to be moved from the job site and transferred to another site within the same facility, which defendant denied, including in August, 2019, to the laboratory at the plant.  In response, defendant threatened Petitioner and have him a retaliatory ultimatum to "drop" his complaints.

10.

Petitioner shows defendant failed to have in full force and effect an effective policy regarding workplace harassment, discrimination, and retaliation/reprisal.  Petitioner shows that following his complaints, particularly to Human Resources, not only was he subject to the aforementioned tirades and job threats, but even as far back as 2015, when Petitioner reported the racism to HR Joseph, she told Petitioner that even though she had determined Petitioner's complaints were true, management was trying to make him quit.  In 2018, when Petitioner had again reported the continuing racism to Cetodal during a meeting, Petitioner asked if the word nigg** continues to be used in the workplace whether/not any action would be taken, to which Cetodal responded, that person will simply "get a pass" and nothing will be done.

11.

Petitioner contends that following his engagement in the protected activities of reporting, opposing, complaining about unlawful discrimination/harassment in the workplace, that he was denied transfers, was harassed, yelled at, threatened, and subjected to retaliatory harassment on account his protected activities. Petitioner contends these tangible actions constitute illegal retaliation under Federal law, Title VII, and prohibited reprisal under Louisiana law, La. R.S. 23:967 for which he sues for herein.

12.

Petitioner contends the actions of the defendant constitute unlawful discrimination/harassment pursuant to Federal law, Title VII, and Louisiana law, La. R.S. 23:301, *et seq,* for which he sues for herein.

13.

As a result of the situation sued upon herein, Petitioner sustained damages which include, but are not limited to, severe and extreme emotional distress, mental anguish, humiliation, embarrassment, loss of transfers and promotional opportunities, lost wages, and all such other damages as will be more fully shown at trial of this matter.

14.

Petitioner shows that all conditions precedent to suit herein pursuant to La. R.S. 23:303 have been met and complied with, including on January 22, 2019, and direct communication with defendant's counsel regarding Petitioner's claims.

15.

Petitioner timely filed Charges of Discrimination with the EEOC and LCHR on January 22, 2019, and received the attached Notice of Right to Sue dated October 17, 2019. All conditions to suit herein under Title VII have been met and/or complied with.

16.

Petitioner shows the actions of the defendant were in wanton and reckless disregard for Petitioner's rights to be free from discrimination/retaliation in the workplace and, further, although defendant had an alleged "policy", defendant made it clear that the policy was meaningless, and, instead, directly threatened Petitioner when he tried to employ it. Petitioner shows that defendant is liable for punitive damages pursuant to Federal law, Title VII, 42 U.S.C. §1981a.

17.

Petitioner is entitled to and desires an award of attorney's fees pursuant to Federal and Louisiana law.

18.

Petitioner is entitled to and desires an award of all such other relief to which he is entitled at law or in equity.

19.

Petitioner is entitled to and desires trial by jury of this matter.

WHEREFORE, Petitioner, Mark A. Briley, prays for trial by jury and after due proceedings are had that there be Judgment herein in his favor and against defendant, Shintech Louisiana, LLC, for all sums as are reasonable under the premises, punitive damages as allowed by law, attorney's

fees, all costs of these proceedings, legal interest thereon from the date of judicial demand until paid, and all such other relief to which Petitioner is entitled at law or in equity.

        Respectfully submitted,

        By: \_\_\_\_s/Jill L. Craft _____
        Jill L. Craft, T.A., #20922
        W. Brett Conrad, Jr., #37639
        330 Government Street
        Baton Rouge, Louisiana  70802
        (225) 663-2612
        jcraft@craftlaw.net